UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECRETARY OF VETERANS AFFAIRS,<br>Plaintiff,<br>v.<br>MICHAEL INGRAM EL, et al.,<br>Defendants. | No. 2:26-cv-03677-DJC-CSK<br><br>ORDER |

This is an unlawful detainer action brought under California state law by Plaintiff Secretary of Veterans Affairs against Defendant JC Jackson Jr. Defendant Michael Ingram El was later joined as a Defendant. On Wednesday, October 28, 2026, Defendant Michael Ingram El filed a Notice of Removal in federal court, seeking to remove this action from Sacramento County Superior Court. (Notice of Removal (ECF No. 1).)

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010);

*Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Defendant suggests that removal is proper based on the basis of the Court's original jurisdiction over civil actions against a foreign state. (Notice of Removal at 2.) However, the unlawful detainer action in question does not bring suit against a foreign state but against individuals. (*See* Compl. (Notice of Removal, Ex. 1) at 2.) Contrary to Plaintiff's assertion, these claims are not asserted against Defendants for actions taken "in their official capacity".[1] Instead, this is a simple unlawful detainer action brought by Plaintiff against Defendants. Defendant Michael Ingram El has not identified any other

[1] Defendant has attached a version of the Complaint that lacks the cover page. But the Court is readily able to ascertain that this is not an action against a foreign state.

basis for jurisdiction and examination of the Complaint shows that the Court lacks jurisdiction.

Remand to the Sacramento County Superior Court is therefore appropriate and mandatory. 28 U.S.C. § 1447(c); *Konrad v. Williams*, 2021 WL 3159811 (E.D. Cal. June 2, 2021) (remanding an unlawful detainer action to state court where the defendant claimed the action involved the Fair Housing Act but no such claim was raised in the complaint.)

Accordingly, IT IS HEREBY ORDERED that this case is REMANDED to Sacramento County Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated: **October 30, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE